**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**Fresno Division**

MICHAEL FARRIS,
CDCR #E-44061,

Plaintiff,

vs.

I.D. CLAY, Warden;
J. CUNNINGHAM, Sergeant;
M. PARSONS, Staff Librarian,

Defendants.

Civil No. 1:08cv1547 JLS (POR)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6)**

**[Doc. No. 18]**

## I. Procedural History

On October 10, 2008, Michael Farris ("Plaintiff"), a state prisoner currently incarcerated at Avenal State Prison, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges the Warden of Sierra Conservation Center ("SCC"), I.D. Clay, SCC Administrative Segregation ("Ad-Seg") Sergeant J. Cunningham, and SCC Staff Librarian M. Parsons (hereafter "Defendants") violated his right to access to the courts while he was housed there in 2008. (Compl. at 4-7.)

/ / /

Defendants have filed a Motion to Dismiss Plaintiff's Complaint for failing to state a claim pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 18]. Plaintiff has filed an Opposition [Doc. No. 20], to which Defendants have filed a Reply [Doc. No. 21].[1]

## II. Plaintiff's Allegations

On or soon after July 30, 2008, Plaintiff claims he received a letter from his appellate attorney regarding his direct appeal in *People v. Farris*, Cal. Ct. Appeal No. E04511. (Compl. at 7.) Plaintiff attaches a copy of that letter as "Exhibit #1."[2] (*Id.* at 8.) Plaintiff's counsel provided him with a copy of the California Court of Appeal's opinion affirming his San Bernardino Superior Court conviction. (*Id.*) In the letter, Plaintiff's counsel identified "two potential" available remedies: a petition for rehearing in the Court of Appeal pursuant to California Rule of Court 8.268 and/or a Petition for Review by the [California] Supreme Court pursuant to California Rule of Court 8.500. (*Id.*)

Plaintiff's counsel notified him that he would not be pursuing either remedy on Plaintiff's behalf because in his view "the Court of Appeal handled the facts and the law ... appropriately." (*Id.* at 9.) However, Plaintiff's appellate counsel did set forth the California Rules of Court and potential grounds upon which Plaintiff could elect to pursue either remedy on his own. (*Id.* at 8-9.) Specifically, Plaintiff was advised that if he wished to file a Petition for Rehearing in Division Two of the Fourth Appellate District, he must do so by August 12, 2008, which was 15 days after the filing of the Opinion pursuant to Rule 8.268(b)(1). (*Id.* at 8.) Plaintiff was further advised that if he wished to file a Petition for Review in the California Supreme Court, he must do so "no earlier than thirty (30) days and no later than forty (40) days

/ / /

/ / /

/ / /

---

[1] Plaintiff also submitted two additional "Replies" to Defendants' Reply [Doc. Nos. 22-23].

[2] When resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings, except for exhibits which are attached. *See* FED.R.CIV.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

after the Court of Appeal's final Opinion," which in his case was "between August 27 and September 5, 2008." (*Id*. at 9.)[3]

Plaintiff claims that on "approximately" July 30, 2008, the date of the letter, he sent an "Inmate Request for Interview" to Ad-Seg Supervisor J. Cunningham on "1st watch via U.S. Mail." (*Id.* at 7.) Plaintiff claims to have been in Ad-Seg since July 10, 2008. (*Id.* at 13.) Plaintiff claims he advised Cunningham of his filing deadlines, and requested placement on the "law library list." (*Id.* at 7.) However, Plaintiff claims he received no reply. (*Id.*)

On August 4, 2008, Plaintiff claims to have "written to" Warden Clay "via U.S. Mail" advising him of the "problem [he was] having getting to the law library" "before the expiration court deadline." (*Id.* at 4.) Plaintiff claims he again "received no formal logical response." (*Id.*) Therefore, on August 11, 2008, Plaintiff submitted a CDC Form 602 Inmate Appeal, Log No. 08-00960. (*Id.* at 4, 10.) In this CDC 602, which Plaintiff also attaches to his Complaint, he requests an "accommodation to utilize the law library on schedule day for Ad-Seg inmates," based on his "need to review" California Rules of Court 8.500 and 8.268(b)(1) before his deadline. (*Id.* at 10) Plaintiff further requests, in the alternative, that the Rules be brought to the Ad-Seg Unit so that he might "study and write the information in the 'stand-up' cage," or that a permanent law librarian be assigned to work in the Ad-Seg Unit at SCC like in "other prisons." (*Id.*)

On August 21or 27, 2008, Plaintiff claims Ad-Seg custody staff "pull[ed] [him] out of [his] cell." (*Id.* at 4, 11-13.) Plaintiff claims an unidentified officer told him to "cuff-up" because there were "two mad[] men" who wanted to "kick [his] ass." (*Id.* at 4.) Plaintiff claims he "became emotionally traumatized," as the officer took him to an interview room. (*Id.*) There, Plaintiff claims he met with two men "in civilian clothes," one who introduced

---

[3] Plaintiff has also attached to his Complaint two letters from the Office of the Clerk of the Supreme Court of California: one dated August 28, 2008, the second dated September 3, 2008. (Pl.'s Exs. 4, 5, Compl. at 15-16.) Both letters refer to Plaintiff's Court of Appeal Decision, No. E045111, and both advise him that while the Court "does not extend the time for filing a petition for review," upon good cause shown, the Court "may permit a late filing," so long as it was accompanied by an Application for Relief from Default which "explain[ed] the reasons for failing to file a timely petition." However, both letters further cautioned Plaintiff that "[a]fter September 26, 2008, th[e] [C[]ourt [would] lose[] jurisdiction to consider or grant relief of any nature." (*Id.* at 15.) Plaintiff does not allege to have filed or to have attempted to file any such Application.

himself as the Staff Librarian, M. Parsons, who would be hearing Plaintiff's 602 appeal. (*Id.*) Plaintiff claims Defendant Parsons told him that if he needed "any type" of library service, he was to employ the "paging system" and submit a request form. (*Id.* at 4, 13.) Plaintiff alleges Parsons told him his job was to review legal paperwork and copy requests from inmates, including those with court-ordered deadlines. (*Id.* at 5.) Parsons rejected Plaintiff's request for his own physical access to the library, claiming that would require a correctional officer come and "pick him up in the middle of the night and drive him" to the facility law library. (*Id.* at 5, 12-13.) When Plaintiff claims to have produced his attorney's letter verifying his deadlines, Parsons "showed no interest" and told Plaintiff he wanted him to "withdraw" his 602 appeal. (*Id.*) When Plaintiff balked because his hands were cuffed, he claims another officer entered the interview room, stood him up, and "made [him] sign [his] name" withdrawing his appeal. (*Id.* at 5, 11.)[4]

Plaintiff alleges Parsons "attitude and demeanor was very inappropriate and unprofessional," and that he violated Plaintiff's right to "meaningful access to the courts" by offering him access to a "paging system" in lieu of physical access to the law library, or a "legal runner" who could access the "materials [he] needed such as legal cop[ies], legal books [and] legal advice." (*Id.* at 6.) Plaintiff concludes that Parson's insistence on August 21, 2008, that he use the facilities' paging system, "rendered effective legal research virtually impossible," and as a result, he "missed [his] court deadline." (*Id.*)

Plaintiff seeks an unspecified "monetary award" and punitive damages, as well as an injunction "giving inmates in SCC's Jamestown's Administrative Segregation Unit with court deadlines" physical access to [the] law library," and ordering the California Department of Corrections to hire "legal runners" or "legal advisors" and "same-day copy service." (*Id.* at 7.)

/ / /

/ / /

---

[4] Defendants do not seek dismissal based on any alleged failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## III. Standard of Review pursuant to FED.R.CIV.P. 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

While allegations of material fact are accepted as true and construed in the light most favorable to the nonmoving party, *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996), the court need not accept as true generic legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Iqbal*, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 (on motion to dismiss court is "not bound to accept as true a legal conclusion couched as a factual allegation."). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

Thus, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then decide whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1950. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* at 1949. Where a complaint pleads facts that are "merely consistent with" a defendant's

liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*; *Twombly*, 550 U.S. at 570 (when a plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed.").

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

## IV. Defendants' Arguments in Support of Dismissal

Defendants seek dismissal of Plaintiff's Complaint on grounds that he has failed to state a First Amendment access to courts claim, and in the alternative, that his claim in barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

### A. 42 U.S.C. § 1983

To establish any prima facie case under the Civil Rights Act, 42 U.S.C. § 1983, Plaintiff must allege that "an individual acting under the color of state law deprived him of a right, privilege, or immunity protected by the United States Constitution or federal law." *Levine v. City of Alameda*, 525 F.3d 903, 905 (9th Cir. 2008).

### B. Personal Liability – Defendants Clay and Cunningham

There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S.Ct at 1948. Therefore, to state a claim, Plaintiff must allege direct personal participation by each state actor. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "[A] supervisor [may be held] liable for the acts of his subordinates 'if the supervisor participated in or directed the violations, or knew of the violations [of subordinates] and failed to act to prevent them.'" *Preschooler II v. Clark County School Bd. of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007) (quoting *Taylor*, 880 F.2d at 1045.) However, "a supervising official may be liable in his individual capacity [only] if he 'set in motion a series of acts by others, or knowingly refused to terminate a series of acts by

others, which he knew or reasonably should have known, would cause others to inflict constitutional injury.'" *Beck v. City of Upland*, 527 F.3d 853, 871 (9th Cir. 2008) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations omitted)).

Here, Plaintiff alleges only that on July 30, 2008, he "sent to Ad-Seg Unit Supervisor Sgt. J. Cunningham an Inmate Request for Interview." (Compl. at 7). Plaintiff's allegations involving Warden Clay are similarly sparse: on approximately August 4, 2008, Plaintiff claims to have "written to Mr. I.D. Clay (Warden) via U.S. Mail ... advising [him] of the problem" he was having getting to the law library. (Compl. at 4.) Plaintiff makes no further allegations involving either Defendant. Most importantly, Plaintiff does not allege that either Warden Clay or Sergeant Cunningham personally violated his right to access to the court by causing him to miss a filing deadline. Nor does Plaintiff allege that either Warden Clay or Sergeant Cunningham directed or authorized Defendant Parsons' actions. *See Paine v. City of Lompoc*, 265 F.3d 975, 984 (9th Cir. 2001) (whether or not each defendant "is a participant in the incidents that could give rise to liability" is a necessary element of the § 1983 claim).

Thus, because § 1983 liability requires allegations of direct personal participation causing constitutional injury, *Iqbal*, 129 S. Ct. at 1948; *Taylor*, 880 F.2d at 1045, and does not, without more permit suit against a state official based solely on the supervisory position that person held at the time his subordinates are alleged to have violated the plaintiff's rights, *Palmer*, 9 F.3d at 1437-38, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Complaint as to Defendants Cunningham and Clay pursuant to FED.R.CIV.P. 12(b)(6).

**C. Access to Courts**

Under the First and Fourteenth Amendments, state prisoners have the right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (*citing Bounds v. Smith*, 430 U.S. 817 (1977).) However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions; the government is not required to enable the inmate to discover grievances or to litigate effectively once in court. *Id*. at 354. Law libraries and legal assistance programs are only the means of ensuring access to the courts. *Id.* at 351. However, there is no "abstract, freestanding right to a law library or legal assistance." *Id.* Therefore, an inmate cannot show

an access to courts violation simply by "establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.*

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). Here, Plaintiff alleges Defendant Parsons' implementation of library policy at SCC and, specifically, his refusal to grant Plaintiff's request for *physical* access to the facility law library in lieu of a "paging system," caused him to miss the deadline for either filing a Petition for Rehearing in the California Court of Appeal or a Petition for Review in the California Supreme Court; therefore, his claim is "backward-looking." *Id.*

To survive Defendants' Motion to Dismiss his "backward-looking" access to courts claim, however, Plaintiff must do more than simply allege that Parsons "unlawfully harmed" him. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). He must, instead, allege facts sufficient to show that Parson's actions are not merely "consistent with" a finding of liability, but rather, that they are "plausibly suggestive" of an access to courts violation entitling Plaintiff to relief. *Moss*, 572 F.3d at 969 (citing *Iqbal*, 129 S.Ct. at 1949) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")). In other words, Plaintiff must "nudge" his allegations of liability across the line from a "conceivable" access to courts violation to a "plausible" one. *Iqbal*, 129 S. Ct. at 1949.

To do this in the context of a "backwards-looking" access to courts violation, Plaintiff must specifically allege: "1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007), *vacated and remanded on other grounds*, 129 S.Ct. 1036 (2009) (citing *Christopher*, 536 U.S. at 413-14).

Here, the Court finds that while Plaintiff has alleged to have missed filing deadlines as a result of SCC's library paging policy as enforced by Defendant Parsons, he has failed to

further allege that the claim or claims which were lost when he was unable to file either a Petition for Rehearing in the California Court of Appeal or a Petition for Review in the California Supreme Court regarding his criminal conviction in *People v. Farris*, Cal. Ct. App. No. E045111, were not "frivolous." *See Lewis*, 518 U.S. at 351; *Phillips*, 477 F.3d at 1076.

In other words, Plaintiff has failed to describe or explain what legal argument or arguable pro se claim he would have presented to either court if he were not "so stymied" by Defendant Parsons' actions. *See id.* "[L]ike any other element of an access claim[,] ... the predicate claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher*, 536 U.S. at 416; *Phillips*, 477 F.3d at 1076. While Plaintiff need not allege that he "would have been successful on the merits had his claim been considered," *Phillips*, 477 F.3d at 1076 (citing *Allen v. Sakai*, 48 F.3d 1082, 1085 (9th Cir. 1994)), or that either court "would have exercised its discretion and accepted the case," *id.*, he must at least *minimally* describe the arguable basis of the pro se claim he intended to pursue further. *See Christopher*, 536 U.S. at 417-18 (complaint alleging backwards-looking access to courts violation must describe the "underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued.") (footnote omitted). This is because a prisoner's right to access the courts does not include the right to right to present frivolous claims. *See Lewis*, 518 U.S. at 353 n.3 ("Depriving someone of an arguable (though not yet established) claim inflicts actual injury because it deprives him of something of value-arguable claims are settled, bought, and sold. Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.").

Thus, because Plaintiff has failed to plead non-conclusory facts sufficient to allow the court to draw the reasonable inference that Defendant Parsons is liable for violating Plaintiff's right to access to the courts, *Iqbal*, 129 S.Ct. at 1949; *Moss*, 572 F.3d at 966, the Court GRANTS Defendant Parsons' Motion to Dismiss Plaintiff's access to courts claim.

/ / /

/ / /

**D. *Heck* bar**

Defendants also argue that Plaintiff's Complaint is barred by *Heck*, 512 U.S. 477, "because a plaintiff may not bring a § 1983 action that implies the invalidity of his conviction or sentence unless he first demonstrates that the conviction or sentence has already been invalidated." (Defs.' Mot. [Doc. No. 18-2] at 4-5.)

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser*, 411 U.S. at 489).

Defendants are correct to note that claims which attack the constitutional validity of an underlying criminal conviction or a state prison disciplinary judgment, or those which affect the length of custody or sentence, may not be maintained pursuant to 42 U.S.C. § 1983 unless the Complaint alleges that conviction, judgment or sentence has already been invalidated. *Heck*, 512 U.S. at 486-87; *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (applying *Heck* to a § 1983 action brought by prisoner seeking to challenge the validity of a prison disciplinary conviction resulting in lost custody credit because "the nature of the challenge ... could be such as necessarily to imply the invalidity of the judgment."). However, a § 1983 action is barred by *Heck* only "if success ... would *necessarily* demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82 (emphasis added). This is where Defendants' argument fails.

In this case, Plaintiff is not resorting to § 1983 in lieu of habeas corpus. His challenge to SCC library procedures, and his allegation that Defendant Parsons' insistence that he use the Ad-Seg paging system in order to fulfill his legal reference or research needs denied him access to the courts, is a typical conditions of confinement claim sounding in § 1983– not a sub-rosa attack on the fact or duration of his confinement. *Preiser*, 411 U.S. at 489. Specifically, Plaintiff seeks both monetary damages as well as injunctive relief "giv[ing]

inmates in SCC Jamestown's Ad-Seg Unit with court deadlines ... physical access to [the] law library." (Compl. at 7.) Plaintiff further seeks court-ordered "legal runners" or "legal advisors ... to provide same-day copy service" to SCC Ad-Seg inmates. (*Id.*)

If Plaintiff were to succeed in both pleading and proving Defendant Parsons violated his right to access to the courts by thwarting his opportunity to file a pro se petition for rehearing or review of his already final criminal conviction, neither an award of money damages nor the issuance of an injunction would in any way affect the validity of his conviction or duration of his sentence. *Heck*, 512 U.S. at 486-87; *Edwards*, 520 U.S. at 646. Success under § 1983 would merely compensate Plaintiff for a constitutional injury–the lost opportunity to have the California Court of Appeal or Supreme Court consider his non-frivolous petition–or result in court-ordered change to SCC library protocol. In fact, because Plaintiff has failed to adequately describe the arguable claim he wished to present to the state courts, it is virtually impossible to conclude that success in Plaintiff's § 1983 suit would "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. 486-87; *see also Christopher*, 536 U.S. at 416.

Thus, the Court finds that Plaintiff, like the plaintiffs in *Wilkinson*, "seek[s] relief that w[ould] render invalid the ... procedures" relied upon by Defendant Parsons when he refused Plaintiff physical access to the law library. *Wilkinson*, 544 U.S. at 81 (citing *Wolff v. McDonnell*, 418 U.S. 539, 554-55 (1974)). Success on Plaintiff's § 1983 claims would neither result in an "order[] [for] his immediate or speedier release into the community," *Preiser*, 411 U.S. at 500, nor "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487; *see also Wilkinson*, 544 U.S. at 82.

Accordingly, the Court DENIES Defendants' Motion to Dismiss on grounds that Plaintiff's Complaint is barred by *Heck* and its progeny.

/ / /

/ / /

/ / /

/ / /

**V. Conclusion and Order**

For the reasons set forth above, IT IS ORDERED that:

1) Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 18] is GRANTED as to Defendants Clay and Cunningham on respondeat superior grounds.

2) Defendants' Motion to Dismiss Plaintiff's access to courts claims against Defendant Parsons [Doc. No. 18] is GRANTED pursuant to FED.R.CIV.P. 12(b)(6).

3) Defendants' Motion to Dismiss Plaintiff's claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) is DENIED.

4) Plaintiff is GRANTED forty-five (45) days from the date this Order is filed to file with the Court and serve upon Defendants an Amended Complaint which addresses each deficiency of pleading identified in this Order. Plaintiff's Amended Complaint must be complete in itself without reference to his original Complaint. Any Defendant not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

If Plaintiff fails to file and serve a First Amended Complaint within 45 days, the Court will enter an Order dismissing this action.

DATED: December 7, 2009

Janis L. Sammartino

Honorable Janis L. Sammartino
United States District Judge