# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# Fresno Division

| | |
|---|---|
| MICHAEL FARRIS, CDCR #E-44061, <br><br> Plaintiff, <br><br> vs. <br><br> I.D. CLAY, Warden; J. CUNNINGHAM, Sergeant; M. PARSONS, Staff Librarian, <br><br> Defendants. | Civil No.  1:08cv1547 JLS (POR) <br><br> **ORDER:** <br><br> **(1) DENYING PLAINTIFF'S MOTION CONTESTING ORAL ARGUMENTS** <br> **[Doc. No. 25]** <br><br> **AND** <br><br> **(2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND DENYING FURTHER LEAVE TO AMEND** |

**I.  Procedural History**

On October 10, 2008, Michael Farris ("Plaintiff"), a state prisoner currently incarcerated at Avenal State Prison, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleged the Warden of Sierra Conservation Center ("SCC"), I.D. Clay, SCC Administrative Segregation ("Ad-Seg") Sergeant J. Cunningham, and SCC Staff Librarian M. Parsons (hereafter "Defendants") violated his right to access to the courts while he was housed there in 2008. (Compl. at 4-7.)

On December 8, 2009, the Court granted Defendants' Motion to Dismiss Plaintiff's Complaint for failing to state a claim pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 24]. Plaintiff was notified of his pleading deficiencies and granted 45 days leave to amend. *See* Dec. 8, 2009 Order at 12. Plaintiff was specifically cautioned that if he failed to file and serve an Amended Complaint within that time, the Court would dismiss the case. (*Id.*)

Those 45 days have passed without amendment. However, on January 29, 2010, Plaintiff submitted an ex parte document entitled "Letter to Courts and Defendants['] Attorneys / Motion Contesting Oral Arguments in Defendants['] Claims" [Doc. No. 25].

In light of the Court's duty to construe pro se pleadings liberally, it now considers whether Plaintiff's Motion is his attempt to file an Amended Complaint. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt).

## II. The Court's December 8, 2009 Order

On December 8, 2009, the Court found: 1) Plaintiff's claims against Defendants Cunningham and Clay were premised on a theory of respondeat superior and therefore were insufficient to show the direct personal participation required to support § 1983 liability, *see* Dec. 8, 2009 Order at 6-7 (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)); and 2) while his access to courts claim against the remaining Defendant, Staff Librarian Parsons, was not barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), *id.* at 10-11, his Complaint nevertheless failed to allege facts sufficient to show the legal challenge to his state court conviction which he wished to raise in either the California Court of Appeal or Supreme Court, but was prevented from pursuing as a result of Defendant Parsons' actions, was not "frivolous." *Id.* at 9 (citing *Christopher v. Harbury*, 536 U.S. 403, 417-18 (2002)). Because it was not "absolutely clear that no amendment could cure [these] defect[s]," however, the Court's Order provided Plaintiff with notice of his pleading deficiencies, and gave him the "opportunity to amend prior to dismissal of the action." *Lucas v. Dept. of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

### III. Plaintiff's Motion

In his Motion, Plaintiff states that he "comes before the court to address some issues" in relation to his "access to courts claim." (Pl.'s Mot. at 1.) However, the remainder of his Motion serves only to "inform" the Court of the unsanitary conditions in his SCC Ad-Seg cell caused by an infestation of ants, a leaking toilet and flooding. (*Id.* at 1-2.) Plaintiff's original Complaint alleged no conditions of confinement claims against any Defendant in this matter. More importantly, his January 29, 2010 Motion makes absolutely no reference to any of the access to court claim deficiencies identified by the Court's December 8, 2009 Order; consequently, his Motion makes no allegations which might be liberally construed as an attempt to amend his previous pleading. *See Ivey v. Bd. of Regents of the University of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982) (in giving liberal interpretation to a pro se civil rights complaint, the court may not go so far as to "supply essential elements of the claim that were not initially pled.").

### IV. Conclusion and Order

Accordingly, the Court DENIES Plaintiff's Motion Contesting Oral Arguments [Doc. No. 25]. For the reasons set forth fully in the Court's December 8, 2009 Order Granting Defendants' Motion pursuant to FED.R.CIV.P. 12(b)(6), the Court hereby DISMISSES the action for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that because Plaintiff has been advised of his pleading deficiencies, has failed to file an Amended Complaint within the time granted by the Court's December 8, 2009 Order, and does not attempt to address the deficiencies of his access to courts claims against Defendants Clay, Cunningham, and Parsons in his January 29, 2010 Motion, further leave to amend is DENIED. *See Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

IT IS SO ORDERED.

DATED: February 8, 2010

Honorable Janis L. Sammartino
United States District Judge